# EXHIBIT "A"

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff



*Filed and Attested by the Office of Judicial Records 17 AUG 2022 05:02 pm E. HAURIN*

_____

| | | |
|---|---|---|
| Charlea Carmichael | : | **COURT OF COMMON PLEAS** |
| 429 Montana Street, Philadelphia, PA 19119 | : | **PHILADELPHIA COUNTY** |
| vs. | : | |
| PetSmart | : | |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart, Inc. | : | TERM, 2022 |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart, LLC | : | No. |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart Home Office, Inc. | : | |
| 19601 N. 27th Avenue, Phoenix, AZ 85027 | : | |
| and | : | CIVIL ACTION COMPLAINT |
| John Does | : | |
| 123 Main St, Anywhere, USA 00000 | : | |

**CIVIL ACTION COMPLAINT**
with
<u>**NOTICE TO DEFEND**</u>

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia PA 19107<br>215-238-6333 | ASOCIACION DE LICENIADOS DE FILADELFIA<br>Servicio De Referencia E Informacion Legal<br>One Reading Center<br>Philadelphia, PA 19107<br>(215)238-6333 |

Case ID: 220802128

LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

_____

| | | |
|---|---|---|
| Charlea Carmichael | : | **COURT OF COMMON PLEAS** |
| 429 Montana Street, Philadelphia, PA 19119 | : | **PHILADELPHIA COUNTY** |
| vs. | : | |
| PetSmart | : | |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart, Inc. | : | TERM, 2022 |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart, LLC | : | No. |
| 4640 E. Roosevelt Blvd., Philadelphia, PA 19124 | : | |
| and | : | |
| PetSmart Home Office, Inc. | : | |
| 19601 N. 27th Avenue, Phoenix, AZ 85027 | : | |
| and | : | CIVIL ACTION COMPLAINT |
| John Does | : | |
| 123 Main St, Anywhere, USA 00000 | : | |

_____

# C O M P L A I N T

**COMES NOW**, Plaintiff, **Charlea Carmichael,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Charlea Carmichael**, is an adult individual, citizen and resident of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Charlea Carmichael,** was caused to fall to the floor of Defendants' premises due to the negligence of the Defendants.

2. Defendant, **PetSmart,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or

Case ID: 220802128

possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Charlea Carmichael,** was caused to fall and sustain her injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, including the inside premises, floors, rugs, mats, and/or lobby area.

      3.      Defendant, **PetSmart, Inc.**, (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Charlea Carmichael,** was caused to fall and sustain her injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, including the inside premises, floors, rugs, mats, and/or lobby area.

      4.      Defendant, **PetSmart, LLC,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Charlea Carmichael,** was caused to fall and sustain her injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, including the inside premises, floors, rugs, mats, and/or lobby area.

      5.      Defendant, **PetSmart Home Office, Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein

Plaintiff, **Charlea Carmichael,** was caused to fall and sustain her injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, including the inside premises, floors, rugs, mats, and/or lobby area.

6. Defendant, **John Doe**, is a fictitious individual and/or entity meant to represent the owner and/or person and/or entity in charge of maintenance of 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

7. At all times herein material, Defendants were either acting individually and/or on each other's behalf and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of each of the Defendants' businesses and affairs.

8. On or about January 6, 2021, Defendants did individually, jointly and/or severally own, and/or possess, and/or maintain, and/or control the certain real property and store known as PetSmart located at or near 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania, including the inside floors, walkway, lobby area and/or rugs/carpets/mats at the premises.

9. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the floor, which consisted of a irregularity, defect, unlevel walking surface, ripped mat/carpet/rug, slippery rug/carpet/mat, rug/carpet/mat that was not adhered to the floor, bunched mat/rug, torn/tattered/frayed mat/rug, obstruction, defective mat/rug, floor with a tripping/slipping hazard, unlevel rug/mat, and/or a dangerous condition (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and

hazardous condition by its/their employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **Charlea Carmichael**.

10. On or about January 6, 2021, Plaintiff, **Charlea Carmichael,** was a business invitee at Defendants' store located at 4640 E. Roosevelt Blvd., Philadelphia, Pennsylvania when she was caused to trip and fall due to the worn out mat/rug which was raised from the floor surface.

11. At the aforementioned time and location, Plaintiff was lawfully proceeding on foot inside Defendants' premises, and when the Plaintiff came in contact with a irregularity, defect, unadhered carpet/rug, slippery surface, dangerous rug, torn/tattered/frayed mat/carpet/rug, unlevel mat/carpet/rug, unlevel walking surface, and/or tripping hazard, Plaintiff, **Charlea Carmichael,** was caused to slip, trip and/or twist and/or fall violently to the ground striking various parts of her body, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

12. At all times herein material, Defendants left a tripping hazard on the floor of the aforementioned premises, and Plaintiff, **Charlea Carmichael**, was caused to slip, twist, stumble and/or fall when she came into contact with it which did cause her injuries and damages.

13. At the aforementioned time and place, Plaintiff, **Charlea Carmichael**, was walking on Defendants' premises, and was caused to fall when she slipped and/or tripped over a rug and/or mat that was not secured to the floor, rippled, torn, peeled back, tattered, frayed, and/or unlevel.

14. Plaintiff avers that the aforesaid dangerous condition on the floors in and/or on the real property was dangerous, apparent, open and known to the Defendants, but Defendants failed to correct said condition, and said dangerous condition had existed for a sufficient length of time prior to the aforesaid occurrence involving Plaintiff, **Charlea Carmichael**, for the Defendants to have had actual and constructive knowledge or notice thereof.

15. Plaintiff, **Charlea Carmichael**, avers that the Defendants knew and/or in the exercise of reasonable care should have known of the dangerous condition, prior to the incident and that the Defendants had a duty to inspect, maintain, repair and/or otherwise correct and remove the aforementioned dangerous condition but had failed to properly do so.

16. At all times herein material and relevant, the situs of the incident and real property where the dangerous condition existed was in the control, supervision, possession, and use by the Defendants.

17. On the aforesaid date, and for a long time prior thereto, there did exist, on the floor of the premises as previously described, an irregularity, defect, obstruction, bunched up mat/carpet/rug, slippery surface, torn/tattered/frayed carpet/rug/mat, unlevel walking surface, trip hazard, and/or dangerous condition, (hereinafter and hereinbefore collectively also referred to as dangerous condition), which dangerous condition presented an unreasonable obstruction and impediment to the passage of pedestrian traffic at the entrance area of Defendants' location, and the defect and dangerous condition presented an unreasonable risk of harm to business invitees such as Plaintiff, **Charlea Carmichael**.

18. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

19. All of the Defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Charlea Carmichael**, to fall as Plaintiff was walking at the Defendants' premises.

20. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

21. Plaintiff, **Charlea Carmichael**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

    a) failing to smooth out the rug and/or mat at issue;

    b) permitting the existence of the said rug/carpet/mat to remain on the floor, which constituted a dangerous condition on the premises aforesaid;

    c) failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;

    d) creating a dangerous condition on the floor;

e) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

g) failing to maintain the premises and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;

h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

i) failing to properly exercise their/its duty of supervision and control;

j) failing to provide adequate warning signs;

k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

l) being otherwise careless, reckless and negligent;

m) failing to exercise due care under the circumstances;

n) allowing the tripping hazard to remain on the floor for an unreasonably long period of time;

o) failing to remove the rug/carpet/mat;

p) failing to inspect the floors and to replace the mat and/or rug;

q) failing to use the required degree of due care for business invitees such as plaintiff;

r) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

s) failing to place barricades and/or barrels and/or barriers to prevent access where the dangerous condition existed;

t) failing to properly instruct its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly maintain the premises and failing to properly maintain and/or monitor the floors;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

x) failing to keep clean and maintain the said inside premises, floors and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

y) failing to use a suitable rug and/or mat that was not susceptible to bunching and becoming a tripping hazard;

z) failing to properly adhere the rug/carpet to the floor;

AA) failing to properly place the carpet/rug;

BB) failing to properly install the mat/carpet/rug;

CC) failing to have any warning signs;

DD) failing to provide a safe environment for its invitees such as Plaintiff, **Charlea Carmichael**;

EE) failing to properly train their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

FF) failing to provide a rug with proper traction;

GG) putting down a carpet/rug that was not appropriate for the space;

HH) failing to implement proper policies for inspecting the lobby area for slipping/tripping hazards;

II) failing to have regularly regimented janitorial inspections;

JJ) failing to properly supervise her/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

KK) failing to remove the matt/rug/carpet from the floor prior to plaintiff coming into contact with it and falling thereby causing plaintiff to sustain serious and permanent injuries;

LL) failing to keep the floor free and clear of obstructions;

MM) having a carpet/rug/mat that was capable of sliding;

NN) failing to have a walking surface with proper traction;

OO) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

PP) failing to hire enough maintenance and/or janitorial staff;

QQ) failing to have enough maintenance and/or janitorial staff on duty on the aforesaid date;

RR) having employees standing mere feet from the dangerous condition which caused Plaintiff to fall, for hours prior to the accident, and doing absolutely nothing to remove the dangerous condition despite having notice;

SS) Allowing a carpet/rug/mat on the floor that a foot could get trapped under; and

TT) Allowing a carpet/rug/mat on the floor that was torn and/or tattered and/or frayed.

22. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants individually, jointly and/or severally, Plaintiff, **Charlea Carmichael,** has sustained serious, painful and permanent injuries, internally and externally, to her head, body neck, back, shoulders, chest, arms, hands, wrists, hips, legs, knees and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to medial collateral ligament strain, medial meniscal tear(s), articular cartilage loss, joint effusion, subchondral marrow edema medial femoral condyle, extruded medial meniscus with tear, bulging discs, lumbar sprain and strain, left ankle sprain, right ankle sprain, left lower leg pain, right lower leg pain, right knee contusion, right elbow contusion, right elbow abrasion, myofascial pain, left knee sprain and strain, right knee sprain and strain, lymphedema, contusions of the left and right knee; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

23. Further, by reason of the injuries sustained by Plaintiff, **Charlea Carmichael**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

24. Furthermore, Plaintiff, **Charlea Carmichael**, has required various hospital, physician and medical treatment and care, and consequently she has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

25. As a direct and sole result of the accident, Plaintiff, **Charlea Carmichael,** has or may hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

26. As a further result of the instant occurrence, Plaintiff, **Charlea Carmichael**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars

### COUNT ONE
### PLAINTIFF vs. PETSMART

27. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

28. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Charlea Carmichael,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

### COUNT TWO
### PLAINTIFF vs. PETSMART, INC.

29. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

30. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Charlea Carmichael,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

### COUNT THREE
### PLAINTIFF vs. PETSMART, LLC

31. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

32. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Charlea Carmichael,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

### COUNT FOUR
### PLAINTIFF vs. PETSMART HOME OFFICE, INC.

33. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

34. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Charlea Carmichael,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

### COUNT FIVE
### PLAINTIFF vs. JOHN DOE

35. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

36. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Charlea Carmichael,** sustained serious, painful and permanent injuries.

Case ID: 220802128

**WHEREFORE**, Plaintiff, **Charlea Carmichael**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

By: /s/ Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiff

Case ID: 220802128